Citation Nr: 1518708 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 08-26 980 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for heart disease. 


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Appellant and her spouse


ATTORNEY FOR THE BOARD

Mary E. Rude, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1975 to August 1976. 

This case originally came before the Board of Veterans Appeals (Board) on appeal of a February 2008 rating decision by the Department of Veterans Affairs (VA) Regional Office in Philadelphia, Pennsylvania. 

In February 2011, the Board, in pertinent part, denied entitlement to service connection for heart disease. In October 2011, the United States Court of Appeals for Veterans Claims (Court) remanded this issue for action consistent with an October 2011 joint motion for remand. The appeal was subsequently again remanded in April 2012 and January 2013. 

In September 2013, the Board again denied entitlement to service connection for heart disease. The appellant appealed, and in an April 2014 order the Court vacated the Board's September 2013 decision and remanded the case for action consistent with a joint motion for remand. 

In September 2014 and February 2015 the claim was again remanded for additional development. The case is now, once more, before the Board for appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In February 2015, the Board remanded this case for further development. Unfortunately, NONE of the development ordered was conducted. Accordingly, this case must again be remanded. Stegall v. West, 11 Vet. App. 268, 271 (1998) (If the Board proceeds with the final disposition of an appeal and remand orders have not been complied with, the Board errs in failing to ensure compliance.)

In this regard, in the February 2015 remand the Board noted that the September 2014 remand directed that the Veteran's entire VBMS electronic file be furnished to the same VA examiner who had conducted the April 2013 VA cardiovascular examination. It was further directed that, following a review of the Veteran's entire VBMS file, and in particular, various private medical records and a statement from the Veteran's private cardiologist, the examiner provide an addendum opinion addressing whether it was at least as likely as not that the Veteran's heart disease had its origin during, or was in some way the result of, her period of active military service. In rendering that addendum opinion, the examiner was to specifically take into account postservice notations of high blood pressure in 1996, 1997, and 2000, as well as the Veteran's unconfirmed diagnosis of left ventricular hypertrophy. 

An addendum opinion was provided in December 2014. However, that opinion appears to have focused primarily on whether the Veteran suffers from ischemic heart disease, rather than whether her heart disease, however diagnosed, had its origin during, or was in some way related to, her period of active military service. Under the circumstances, an additional addendum opinion must be obtained prior to a final adjudication of the Veteran's claim for service connection. 

Accordingly, in light of the aforementioned, the case is once REMANDED to the AOJ for the following actions: 

1. Any pertinent VA or other inpatient treatment records, subsequent to December 2014, the date of the most recent opinion of record, should be obtained and incorporated in the VBMS electronic file. The Veteran should be requested to sign the necessary authorization for release of any private medical records to the VA. All attempts to procure such records should be documented in the file. If the AOJ cannot obtain records identified by the Veteran, a notation to that effect should be included in the VBMS file. In addition, the Veteran and her representative should be informed of any such problem. 

2. Thereafter, the Veteran's entire VBMS electronic file should be furnished to the same VA examiner who conducted the April 2013 cardiovascular examination, and provided the December 2014 addendum opinion. Should that examiner prove unavailable, the VBMS electronic should be furnished to another similarly qualified VA cardiologist. Following a review of the VBMS electronic file, including the aforementioned July 2014 statement and recently-obtained records from the Veteran's private cardiologist (J. P. O'Neil, M.D.), the examiner must opine whether it is at least as likely as not that the Veteran's heart disease had its origin during, or is in some way the result of, her period of active military service. In rendering an addendum opinion the examiner must specifically address the July 2014 statement by the Veteran's private cardiologist, to wit, that "because of her long history of high blood pressure, (it) was at least as likely that her heart disease started while in the military service." 

A complete rationale must be provided for any opinion offered, and all information and opinions, once obtained, must be made a part of the VBMS electronic file. The examiner must specify in his report that the Veteran's Virtual VA and VBMS electronic records have been reviewed. 

3. The AOJ must then review the aforementioned report to ensure that it is in COMPLETE compliance with the directives of this REMAND, and that the examiner has documented consideration of all records contained in Virtual VA and VBMS, as appropriate. If the report is deficient in any manner, the AOJ must implement corrective procedures. 

4. The AOJ must then readjudicate the Veteran's claim for service connection for heart disease. In so doing, the AOJ should specifically take into account/address the aforementioned statement and records of the Veteran's private cardiologist, Dr. J. P. O'Neil. Should the benefit sought on appeal remain denied, the Veteran and her representative should be provided with an additional Supplemental Statement of the Case which contains notice of all relevant action taken on the claim for benefits since September 2014. An appropriate period of time should be allowed for response. 

Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome in this case. The Veteran need take no action unless otherwise notified. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 

of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
DEREK R. BROWN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).